```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:17-cr-10-DCB-FKB

MARCUS BATISTE, et al.

ORDER

This cause is before the Court on defendant Marcus Batiste's Motion to Sever (**docket entry 45**). Having carefully considered the motion, response and applicable law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

On February 8, 2017, the Grand Jury returned a multi-count indictment against five defendants for, *inter alia*, conspiracy to distribute methamphetamine. To date, only two of the defendants, Marcus Batiste ("Batiste") and Edward Christopher Barber ("Barber"), have been arraigned. Trial is currently set for September 18, 2017. On August 21, 2017, Batiste filed his Motion to Sever, urging the Court to grant the defendants separate trials pursuant to Federal Rules of Criminal Procedure 8 and 14.

In his motion, Batiste claims that, upon information and belief, there is no evidence linking Barber to the transaction or act for which Batiste has been charged, nor is there any evidence showing that the defendants participated in the same series of acts or transactions. Additionally, Batiste argues that the substantial likelihood that the defendants' trials will require

divergent evidence will prejudice the jury and interfere with his right to a fair trial. In response, the Government maintains that Barber and Batiste are properly joined in the indictment, and that cautionary instructions will adequately curb any prejudicial effect which may result from the joinder.

Under Rule 8, two or more defendants who are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions" may be charged in the same indictment. Fed. R. Crim. P. 8(b). The defendants may be charged in one or more counts together or separately, and all defendants need not be charged in each count of the indictment. See id. Count one of the indictment charges that Batiste and Barber, along with three other defendants, conspired with each other to "knowingly and intentionally distribute methamphetamine...as prohibited by Section 841(a)(1), Title 21, United States Code." Doc. 3. From the indictment and the Government's representations, it appears that the prosecution's theory of the case is premised on a single criminal conspiracy between all defendants involved. Therefore, the Court is satisfied that joinder of the defendants is proper.

Even assuming that defendants are properly joined under Rule 8, the Court may order separate trials under Rule 14 if the joinder appears to prejudice the defendant or the government. See Fed. R. Crim. P. 14(a). If joinder is proper under Rule 8, severance should be granted only "if there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). It is the rule, not the exception, that "persons indicted together should be tried together, especially in conspiracy cases." United States v. McRae, 702 F.3d 806, 821 (5th Cir. 2012) (quoting United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir. 1993)); see also Zafiro, 506 U.S. at 537 (noting a preference for joint trials of defendants who are indicted together). The defendant moving for severance bears the burden of showing "specific and compelling" prejudice that outweighs the "public interest in judicial efficiency and economy." United States v. Grace, 2010 WL 419381, at *1 (S.D. Miss. Jan. 29, 2010) (quoting Zafiro, 506 U.S. at 537).

Batiste's severance motion offers only general and conclusory assertions of prejudicial joinder, which are altogether insufficient to warrant severance in this case. Though Batiste argues that divergent evidence against the defendants will result in undue prejudice at trial, the Fifth Circuit has observed that limiting instructions can generally cure prejudice caused by joint trials. United States v. McKinney, 53 F.3d 664, 674 (5th Cir. 1995) (rejecting defendant's claim of "prejudicial spillover because of the disparity of evidence against the defendants"). The defendant has not demonstrated any specific and compelling prejudice, nor has he shown that cautionary instructions will be insufficient to

3

curb any prejudicial effect which may result from a joint trial. Because Batiste has failed to establish a serious risk that a joint trial in this matter will compromise one of his specific trial rights, or that the jury will be prevented from making a reliable judgment about his guilt or innocence, the Court finds that the defendant's motion should be denied.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED, that Marcus Batiste's Motion to Sever (docket entry 45) is DENIED.

SO ORDERED, this the 7th day of September, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE